# 98 DTA 170

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL V DE PONCE-AIBONITO
PANEL II**

GRISSEL MARIANI GONZALEZ Y OTROS
Recurridos

v.

PROFESSIONAL ELEVATOR SERVICES, INC. Y OTROS
Peticionarios

Núm. KLCE-97-01272

San Juan, Puerto Rico, a 22 de abril de 1998

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Cordero y la Juez Feliciano Acevedo

López Vilanova, Juez ponente

## TEXTO COMPLETO DE LA SENTENCIA

Professional Elevator Services, Inc. presentó el 21 de noviembre de 1997 el recurso de epígrafe ante este Tribunal. █ Solicita revoquemos la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, que denegó su solicitud de que se dictara sentencia sumariamente por insuficiencia de prueba.

Evaluado el recurso, ordenamos a los recurridos mostrar causa por la cual no debíamos revocar el dictamen recurrido. Estos han comparecido.

Evaluada su comparecencia, resolvemos confirmar la resolución recurrida.

### I

Los hechos que generan la controversia ante nos se originan con la demanda presentada por los recurridos el 22 de mayo de 1996 contra Professional Elevator Services, Inc.; Cooperativa de Servicios Múltiples de Puerto Rico; la Autoridad de Edificios Públicos; el Estado Libre Asociado de Puerto Rico y las Compañías de Seguros. En la misma se alegó, en síntesis, que cuando la recurrida, empleada del Departamento de Salud, asignada al Complejo Carcelario Las Cucharas en Ponce se disponía a entrar a un ascensor, se cayó cuando éste bajó abruptamente, sufriendo daños. En lo que refiere a la aquí recurrente, Professional alegó que los daños sufridos se deben única y exclusivamente a la culpa y negligencia de dicha firma, por razón de no servir y mantener adecuadamente el ascensor en cuestión, haciendo que éste funcionara en forma inadecuada con grave riesgo para sus usuarios.

Luego de muchos trámites procesales, la allí demandante desistió de su demanda contra el E.L.A.

Como parte del descubrimiento de prueba, Profesional envió un requerimiento de admisiones a la

demandante aquí recurrida. Entre lo requerido, se incluyó la pregunta que genera este recurso:

"1. Admita que no posee evidencia tendiente a demostrar que Professional Elevator Services con anterioridad a la fecha del accidente había incumplido con alguna de sus obligaciones contractuales para con la Administración de Corrección."

La recurrida contestó que en ese momento no la tenía. Los peticionarios solicitaron al Tribunal dictar sentencia sumaria por insuficiencia de prueba. La misma le fue denegada.

La contención de los recurrentes en su recurso ante nos, es que en este caso no existen controversias de hechos y sólo se presenta una cuestión de derecho. Apoyado en *Medina Morales v. Merck, Sharpe & Dohme, Química de Puerto Rico, Inc.*, **94 J.T.S. 52** (1994), sostiene procede dictarse sentencia sumaria por insuficiencia de prueba.

En su comparecencia los recurridos sostienen, a la pág. 3 de su escrito ante nos, lo siguiente:

"Lo alegado por los peticionarios de que la acción de la parte recurrida está predicada en el incumplimiento de contrato de Professional Elevator Services, Inc., debido a que no le dio un servicio y mantenimiento adecuado a los ascensores del complejo carcelario "Las Cucharas" es erróneo o hecho con el propósito de inducir a error al Tribunal. La acción de la recurrida está basada en la culpa y negligencia de Professional y de ninguna manera en el incumplimiento de ningún contrato, de ahí que la recurrida admitiera que al momento de contestar el requerimiento de admisiones no tuviera evidencia alguna sobre algún incumplimiento de contrato de parte de Professional con respecto al contrato de mantenimiento vigente a la fecha del accidente con la Administración de Corrección. Aun en el caso de que Professional hubiera incumplido alguna de sus obligaciones bajo el contrato, lo que es muy posible, la recurrida no tenía los medios para saberlo hasta tanto no concluyera su descubrimiento de prueba el cual se encontraba paralizado por la actitud contumaz de los peticionarios al negarse a contestar los interrogatorios adecuadamente, a pesar de las órdenes del Tribunal para que así lo hicieran. La alegación número 10 de la demanda de ninguna manera puede interpretarse en la forma en que los peticionarios la interpretan."

No habiendo finalizado el descubrimiento de prueba en este caso, resulta prematuro la alegación de insuficiencia de prueba. El propio caso en el cual se apoyan los recurrentes así lo sostiene:

"Bajo la modalidad de la sentencia sumaria por insuficiencia de prueba, después de que las partes hayan realizado un adecuado y apropiado descubrimiento de prueba, el promovente puede presentar su moción de sentencia sumaria alegando insuficiencia de prueba por parte del promovido. La moción puede acompañarla con todos los documentos relacionados con el descubrimiento de prueba o sin documento alguno, si éstos obran en el expediente del tribunal. La parte promovente tiene el peso de demostrarle al tribunal suficiente para probar, por lo menos, un elemento esencial indispensable para su caso. Puede, además, acompañar su moción con evidencia afirmativa, no necesariamente obtenida mediante la utilización de los mecanismos de descubrimiento de prueba, que niegue algún elemento esencial de la reclamación de la parte promovida.

Con relación a la moción de sentencia sumaria que se acompaña con evidencia afirmativa, la parte promovida podrá derrotarla con sólo presentar una oposición acompañada con prueba que controvierta o que rebata la evidencia afirmativa presentada por el promovente. Esta prueba en oposición a la sentencia sumaria puede ser admisible en evidencia o una que, aunque no sea admisible en la forma presentada, podrá convertirse en prueba admisible o dar lugar a prueba admisible.

Bajo cualesquiera circunstancias, al presentarse una moción de sentencia sumaria por insuficiencia de la prueba, la parte promovente tiene el peso afirmativo de demostrar que se ha llevado a cabo un descubrimiento de prueba completo, adecuado y apropiado, o sea, que ha explorado concienzudamente la posibilidad de la existencia de evidencia admisible. Esto significa que tiene que poner al tribunal en posición de evaluar la adecuacidad del descubrimiento de prueba que realizó. Una simple alegación en la cual se concluya que no existe evidencia suficiente para probar el caso, no basta para apoyar una moción de sentencia sumaria de esta naturaleza. Tampoco se

*considerará adecuado el descubrimiento de prueba cuando un análisis de los documentos sometidos con la moción, con la oposición y aquellos que constan en el récord, refleje que la parte promovente ha dejado de auscultar alguna información que le pudiera haber conducido a obtener prueba admisible. Por ejemplo, ha dejado de deponer o de someter un interrogatorio con relación a un testigo que pueda proveer testimonio relevante. Bajo estas circunstancias, hay que concluir que no ha realizado un descubrimiento completo y adecuado, ya que el tribunal no puede determinar, con certeza, que la parte promovida no cuenta con evidencia suficiente para probar su caso. Para que se pueda dictar sentencia sumaria por insuficiencia de la prueba el promovente tiene que persuadir al tribunal de que no es necesario celebrar una vista evidenciaria; que el promovido no cuenta con prueba suficiente para probar un hecho esencial; y que, como cuestión de derecho, procede que se desestime la reclamación."*

Con estos antecedentes se confirma el dictamen. Notifíquese.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 98 DTA 170**

**1.** El mismo se refiere a este Panel el 15 de enero de 1998.